### James M. Toler v. Martha J. Bishop.

1. Evidence—*When a Husband May Testify for His Wife.*—Section 5 of Chapter 51, R. S., allows a husband to testify for his wife where the litigation concerns her separate property.

2. Interest—*In What Cases Recoverable.*—Creditors are allowed interest on moneys after they became due, on any bond, bill, promissory note, or other instrument of writing, or money lent or advanced for the

use of another; on money due on settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another, and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment.

Assumpsit, on a promise in compromise of claims. Trial in the Circuit Court Union County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Verdict and judgment for plaintiff; error by defendant. Heard in this court at the February term, 1899. Reversed and remanded. Opinion filed September 5, 1899.

D. W. KARRAKER and JAMES LINGLE, attorneys for plaintiff in error.

DODD & PICKRELL, attorneys for defendant in error.

MR. JUSTICE BIGELOW delivered the opinion of the court.

This suit was originally begun by defendant in error, against her two brothers, plaintiff in error, and Levi H. Toler, all of whom, with one Sarah E. Murphy, were the children and heirs at law of John M. Toler, who died on or about May 3, 1893, possessed of an estate valued at about $15,000, nearly all of which he devised to his two sons, James M. and Levi H.

A controversy arose between appellee and her two brothers in regard to the validity of their father's will, not long after it was probated, and defendant in error consulted an attorney, and began to prepare to contest its validity, on the ground that the two brothers had made false statements to their father in regard to the filial affection of defendant in error towards him, and had exercised undue influence over him in making his will, which caused defendant in error to believe her contest would be successful if followed up; and that she would recover an equal share with her brothers in her father's property. Thereupon negotiations were opened between the parties for an amicable settlement of the dispute between them, which resulted, as defendant in error claims, in a promise of the two brothers to pay her $1,000 in settlement of her claim or interest in the estate;

and to recover the sum so promised to be paid this suit was brought, and while it was pending and before trial, the defendant Levi H. Toler died. One-half of the $1,000, with interest from the date of the alleged agreement, was paid to defendant in error by Levi's widow, and the suit proceeded against plaintiff in error for the remainder, and defendant in error recovered a verdict for $575.

The contention of counsel for plaintiff in error, that the husband of defendant in error was improperly allowed to testify on behalf of his wife, is incorrect, since, by Section 5 of Chapter 51 of Hurd's Revised Statutes, an exception is made which allows a husband to testify for his wife where the litigation concerns her separate property; and that the litigation in this case did concern the separate property of the wife of the witness, there is scarcely room for doubt.

Equally incorrect is the contention of counsel that it was error to allow witnesses to testify what one brother said when the other was absent, concerning the agreement for a settlement, since the agreement, if there was one, was joint, and the admissions of one joint obligor against his interest are binding on his co-obligor.

Complaint is made that the court erred in giving plaintiff's third and fifth instructions and in modifying some of defendant's instructions.

Plaintiff's third instruction was too general and should not have been given; but as defendant asked, and the court gave, a number of instructions fully covering the case, as presented by the evidence, we are unable to see how it could have done defendant any harm. There was no error in the modifications of the two of defendant's instructions complained of.

By plaintiff's fifth instruction, the jury were told that in case they found for the plaintiff they should allow her interest at five per cent per annum on the $500 principal remaining unpaid from the date of the agreement. Why, or for what reason, interest should have been allowed, counsel for defendant in error have not undertaken to enlighten us. There is no evidence whatever that there was any agreement

to pay interest on the $1,000, or any part of it. Section 2 of Chapter 74 of the Revised Statutes, entitled "Interest," is as follows:

"Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due, on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on settlement of account, from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another, and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment."

There was no writing between the parties, and the claim does not, in our opinion, fall under either of the remaining clauses of the section, and the only way we can account for the instruction is, that the representatives of the estate of Levi H. Toler paid interest on the half of the claim it was bound to pay; but because it did so does not concern plaintiff in error. The payment of interest was a gratuity, on account of which plaintiff in error incurred no liability, nor is he entitled to any benefit of it as part payment of what he owes, as contended by his counsel.

The court erred in giving the instruction.

It is also contended by counsel that the verdict was against the weight of the evidence, and for that reason, as well as for the reason that defendant resided in another State, and was not present at the trial of the case, the court erred in overruling defendant's motion for a new trial. Defendant offered no evidence, and we can not say plaintiff's evidence failed to make a *prima facie* case.

It is urged, as a reason why a new trial should have been granted, that defendant resided in the State of Arkansas, not near a telegraph station, and at a place where the mail service was bad, and did not know his case was to be tried when it was; that his presence was necessary at the trial to explain his statements testified to by plaintiff's witnesses.

The affidavit of defendant's attorney was entirely insufficient to sustain a motion for a new trial, and had it been offered on a motion to continue the case or delay the trial,

it would only have appealed to the discretion of the court, which, considering the fact that the case had been pending for several years, might not have been exercised in appellant's favor.

For the error in giving plaintiff's fifth instruction, the judgment will be reversed and the cause remanded, unless defendant in error, within forty days from this date, shall remit in this court all of the verdict over $500 (namely $75) and pay all costs in this court, in which event judgment will be rendered by this court in her favor for $500.

Reversed and remanded, unless, etc.